# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04228 AHM (AGRx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | JERRY SHEVICK v. ZUPON ENTERTAINMENT, LLC, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

This case is before the Court on the motion to remand filed by plaintiff Jerry Shevick ("Plaintiff"). For the reasons set forth below, the Court GRANTS the motion and remands this action to Los Angeles County Superior Court.[1]

## I. BACKGROUND

Plaintiff is a citizen of California. On April 13, 2011, Plaintiff filed this action in Los Angeles County Superior Court, alleging only causes of action arising under California law. Plaintiff named as defendants Zupon Entertainment, LLC ("ZE LLC") and Mark Zupon ("Zupon") (collectively "Defendants").

On May 17, 2011, Defendants timely removed this action to federal court on the basis of 28 U.S.C. section 1332. In their Notice of Removal ("NOR"), Defendants asserted that complete diversity existed because Zupon is a citizen of Ohio, and Zupon is "**Zupon Entertainment LLC's sole member** . . . ." NOR at 3 (emphasis in original). In other words, both are citizens of Ohio.

Plaintiff now moves to remand, arguing that there is not complete diversity because he, too, is a member of ZE LLC.

## II. ANALYSIS

---

[1] Docket No. 8. Defendants' pending motion to dismiss (Docket No. 7) is DENIED as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04228 AHM (AGRx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | JERRY SHEVICK v. ZUPON ENTERTAINMENT, LLC, et al. | | |

The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute – here, Defendants. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Jurisdiction is assessed as of the time of removal. *Ghaderi v. United Airlines*, 136 F. Supp. 2d 1041 (N.D. Cal. 2001). A federal court has original jurisdiction over a civil matter "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). At issue here is the citizenship prong of the diversity analysis. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

In 2009, Plaintiff entered into a written agreement with ZE LLC granting him an ownership stake in the company. Further, ZE LLC's 2010 Schedule K-1 lists Plaintiff as a "Limited partner or other LLC member". Exhibit C to Declaration of Jerry Shevick. Defendants do not dispute that Plaintiff is a member of ZE LLC, even though this directly contradicts Defendants' assertion in the NOR that Zupon is the only member of ZE LLC.

Instead of challenging Plaintiff's status as a member of ZE LLC, Defendants argue that his membership does not destroy diversity because "Plaintiff should not be allowed to . . . wear[] the hat of both plaintiff and defendant at the same time" and because ZE LLC is only a nominal party whose citizenship should be ignored for purposes of determining whether diversity jurisdiction exists.

Plaintiff's purported hat-wearing is irrelevant here. In a case that both parties fail to cite, a district court in the Ninth Circuit addressed the same factual scenario presented here and stated that "because an LLC is a citizen of every state of which its owners or members are a citizen, and because complete diversity is required, *if a plaintiff is an owner or member of a defendant LLC, then diversity . . . cannot be satisfied.*" *Skaaning v. Sorensen*, 2009 WL 3763056, *3 (D.Hawai'i Nov. 10, 2009) (granting defendants' motion to dismiss for lack of subject matter jurisdiction because plaintiff failed to prove diversity jurisdiction where plaintiff was also member of defendant LLC).

As Defendants correctly point out, however, "[i]t is also an established rule . . . that

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04228 AHM (AGRx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | JERRY SHEVICK v. ZUPON ENTERTAINMENT, LLC, et al. | | |

the presence of a 'nominal' party need not destroy diversity jurisdiction." *Id.* at *4 (citing *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002)). Defendants assert that "when a member of a limited liability company brings an individual claim on his own behalf, the company is deemed a nominal party and can be disregarded for purposes of determining diversity jurisdiction." Opposition ("Opp.") at 4 (citing *Mallia v. PaineWebber, Inc.*, 889 F. Supp. 277 (S.D. Tex. 1995)). Defendants argue that Plaintiff's claims "arise from his employment with and subsequent termination from [ZE LLC]" and that "Plaintiff has not brought this claim on behalf of the Company for harm suffered by the Company." Opp. at 5. Thus, according to Defendants, ZE LLC is only a nominal party.

Contrary to Defendants' argument, Plaintiff *has* brought at least one of his claims on behalf of ZE LLC for harm suffered by ZE LLC. Specifically, Plaintiff "includes a claim of breach of duty of loyalty, founded on . . . Zupon's duty incumbent upon him as a partner, manager, or officer of a business entity, and owed to [ZE LLC], as well as Plaintiff." Reply at 8. Plaintiff's complaint includes the following allegations (emphasis added):

> 54. At all relevant times . . . Defendant Zupon owed to the Plaintiff, a minority shareholder, a duty to exercise a reasonable degree of loyalty and skill in the performance of his employment duties. As Chief Executive Officer and sole Manager of [ZE LLC], Zupon's activities included safeguarding the Company's assets in order to maximize the return from those assets and generally overseeing operations of the business. Zupon further had a duty to perform such duties with appropriate skill and in a manner to benefit Plaintiff *and Company*.
>
> 55. Zupon negligently, recklessly and intentionally breached his duty to Plaintiff *and Company*, as set forth herein . . . . Zupon has also indicated that he will shut down [ZE LLC] as a result of this gross mismanagement, without having made any consultation with [Plaintiff], the minority shareholder.

It is apparent from the face of the complaint that ZE LLC is not a mere nominal

**JS-6**; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-04228 AHM (AGRx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | JERRY SHEVICK v. ZUPON ENTERTAINMENT, LLC, et al. | | |

party, whose citizenship should be ignored when determining whether the Court has subject matter jurisdiction over this action. This conclusion is bolstered by Defendants' insistence in the NOR that ZE LLC was a citizen of Ohio, because its only member was a citizen of Ohio. Now that Defendants' assertion regarding ZE LLC's citizenship has been contradicted, they instead claim that ZE LLC is a mere nominal party and its citizenship should be ignored.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand because Defendants have failed to carry their burden of establishing subject matter jurisdiction. The Court DENIES Plaintiff's request for fees and costs.

**JS-6**

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |